IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLAN OWENS,

                      Plaintiff,

   v.

RANDALL HEPP, JOY TASSLER, CHRIS KRUEGER,
E. DAVIDSON, M. PATTEN, L. BARTOW,
J. LABELLE, WENDY MOFILS, C. O'CONNELL,
S. POLK, and S. ROBSON,

                      Defendants.

ORDER

18-cv-772-jdp

---

Plaintiff Allan Owens, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Owens alleges that prison officials deprived him of his trust account funds by illegally applying tax to purchases of stamps and then retaliated against him by deducting higher than permitted amounts from his account to pay off costs assessed against him in a previous case in this court. Owens has filed several motions, including two motions to amend his complaint.

**A. Motions to amend the complaint**

Rule 15(a)(2) governs amendment of pleadings that fall outside the deadline for amendments permitted as a matter of course. That rule states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id*. Owens appears to have been diligently amending his allegations as new information warranted, so I will grant his first motion to amend his complaint, Dkt. 10, at least for the amendments that support viable claims.

Owens asks to add former DOC secretaries Ed Wall and John Litscher, as well as former FLCI Warden Mark Clements on his tax claim. I take Owens to be saying that secretaries Wall and Litscher worked with Clements to enforce the unlawful tax policy. This is enough to establish a claim against these individuals under 42 U.S.C. § 1983 for the violation of plaintiff's due process rights.

Owens also asks to proceed on claims against grievance examiners W. Rose, M. Greenwood, and J. Bovee, who denied Owens's complaints about the tax. Defendants oppose this request, arguing that the court of appeals has limited the extent to which a prisoner may sue an official for denying a grievance. They cite *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007), for the following proposition: "A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." But this principle actually works in Owens's favor. I take him to be saying that these defendants denied his grievances even though they had the power to issue rulings stopping *ongoing* misconduct. So I will allow Owens to proceed on due process claims against these defendants as well.

Owens also attempts to add Richard Chandler, former secretary of the Department of Revenue, because of the information defendants revealed in their answer regarding the stamp tax; they admitted "that on July 7, 2014, tax was collected on embossed envelopes based on direction from Wisconsin Department of Corrections Central Office and the Wisconsin Department of Revenue." Dkt. 8, ¶ 13. Owens states, "As far as the Dept. of revenue I'm seeking to add their names too. At the time Richard Chandler, I'm adding him because of the state's [answer]." Dkt. 10, at 2.

So I take Owens to be alleging that the Department of Revenue was involved in creating or enforcing the tax. But he does not allege that Chandler was personally involved in those efforts, so I will not add him to the complaint in his personal capacity. Owens does state a claim against the secretary in his official capacity because he alleges that the DOR helped to create an unconstitutional policy. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (Official-capacity claims against state officials are essentially claims for injunctive relief—and not for damages—against the state itself.). But I won't add Chandler in his official capacity, because he's no longer the DOR secretary. As Federal Rule of Civil Procedure 25(b) states, "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Peter Barca is the current DOR secretary. So I will allow Owens to proceed on a due process claim against Barca in his official capacity.

Owens also attempts to include John and Jane Does 1–5 as defendants in his amended complaint. Because Owens did not explain their involvement in the events at issue, I will dismiss each of these defendants. There is no need to keep these defendants as "placeholders" for other parties who might be involved. If Owens wants to add any new defendants, he'll have to file another motion to amend his complaint.

Owens has also filed what he calls a third motion to amend the complaint. Dkt. 36. This motion is misnamed: it is actually his second such motion, and he seems to acknowledge that in the body of his motion itself. In any event, the only potential new allegation I see in the motion is that Owens has now learned that the tax policy violates state statutes as well, and he wants an injunction forcing the state to follow its own laws. But federal courts do not have jurisdiction to force state officials to follow state laws. *Pennhurst St. Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 104–05 (1984). So I will deny Owens's second motion to amend his complaint.

**B. Motion for preliminary injunction**

In his first motion to amend the complaint, Dkt. 10, Owens also seeks preliminary injunctive relief to stop the stamp tax and change the percentage of funds withdrawn from his account. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). When dealing with prisoner cases, federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

To obtain a preliminary injunction, the moving party must first meet its threshold burden. Owens must establish that (1) he has a reasonable likelihood of success on the merits; (2) denial of relief would result in irreparable harm to him while he waits for the resolution of his claims; and (3) traditional legal remedies are inadequate to remedy the harm. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079 (7th Cir. 2008) "[I]f a plaintiff fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Cox v. City of Chicago*, 868 F.2d 217, 223 (7th Cir. 1989).

Even if I assume that there is a reasonable likelihood of success on the merits, Owens fails on the other two requirements. Generally, harm that can be redressed via monetary compensation does not qualify as irreparable harm. *Wis. Cent. Ltd. v. Pub. Serv. Comm'n of Wis.*, 95 F.3d 1359, 1370 (7th Cir. 1996). Regarding the third factor, traditional legal remedies,

such as an injunction and damages, would be adequate to remedy the harm in this situation if Owens were to prevail. And while the case is pending, Owens will suffer only modest financial losses. So I will deny his motion for a preliminary injunction.

**C. Motion to compel discovery**

Owens has filed a motion to compel discovery with a request for $50 in sanctions. Dkt. 22. Most of the motion consists of him questioning why defendants responded a certain way, without including defendants' exact responses so that I can assess whether they are reasonable. In other parts Owens appears to be saying that defendants inadvertently left out pages of a multi-page document or gave him the wrong information. Defendants oppose the motion, arguing that Owens did not confer with them before filing the motion, as is ordinarily required. I will deny Owens's motion without prejudice to him refiling it after he has conferred with defendants. Should Owens refile the motion, he should explain specifically each particular discovery request that he is including in the motion, with defendants' response to each of those requests, and he should explain why the responses are insufficient.

**D. Motion for extension of dispositive-motions deadline**

Owens has filed a motion to extend the September 13, 2019 dispositive-motions deadline. Defendants do not oppose the motion and ask for a 120-day extension if I grant Owens's motion to amend his complaint. There is no need to push the dispositive-motions deadline as far as defendants request. Owens brings claims against many officials but it seems likely that the case will boil down to the lawfulness of the tax and garnishment policies, as opposed to complicated factual disputes regarding each individual defendants' culpabilities. I set a new deadline below.

5

ORDER

IT IS ORDERED that:

1. Plaintiff Allen Owens's first motion to amend his complaint, Dkt. 10, is GRANTED IN PART.

2. Plaintiff is now GRANTED leave to proceed on the following claims:

    - Due process claims against defendants Joy Tassler, Randall Hepp, Chris Krueger, E. Davidson, M. Patten, L. Bartow, J. Labelle, Wendy Mofils, C. O'Connell, S. Polk, S. Robson, Ed Wall, Jon Litscher, Mark Clements, W. Rose, M. Greenwood, and J. Bovee.

    - A First Amendment retaliation claim against defendant Hepp.

3. Plaintiff's second motion to amend his complaint, Dkt. 36, is DENIED.

4. Plaintiff's motion for preliminary injunction, Dkt. 10, is DENIED.

5. Plaintiff's motion to compel discovery, Dkt. 22, is DENIED without prejudice.

6. Plaintiff's motion to extend the dispositive-motions deadline, Dkt. 37, is GRANTED. The new deadline is November 13, 2019.

Entered September 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge