IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLAN OWENS,

                      Plaintiff,

  v.

JOY TASSLER, RANDALL HEPP, CHRIS KRUEGER,        ORDER
E. DAVIDSON, M. PATTEN, L. BARTOW,
J. LABELLE, WENDY MOFILS, C. O'CONNELL,        18-cv-772-jdp
S. POLK, S. ROBSON, ED WALL, JON LITSCHER,
MARK CLEMENTS, W. ROSE, M. GREENWOOD,
J. BOVEE, and PETER BARCA,

                      Defendants.

---

      Plaintiff Allan Owens, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Owens alleges that prison officials deprived him of his trust account funds by illegally applying tax to purchases of stamps and that they then retaliated against him by deducting higher than permitted amounts from his account to pay off costs assessed against him in a previous case in this court. There are several motions before the court.

      Owens has filed a motion to supplement his complaint with four new defendants, Susan Johnson, Steven Fellinger, Linda Ellefson, and Bridgette Smith, after receiving discovery materials showing that each of these defendants were involved in enforcing the tax on stamps. Dkt. 44. Because Owens diligently added these defendants as he received new discovery, I will grant his motion.

      Defendants have filed a motion to dismiss defendant J. LaBelle from the case. Dkt. 45. After I granted Owens leave to proceed against LaBelle, Owens stated in a proposed amended complaint that he mistakenly named LaBelle, and that the proper official for his claim against LaBelle was J. Bovee. Dkt. 10, at 2. I granted Owens leave to proceed against Bovee but I did

not dismiss LaBelle. *See* Dkt. 39. I'll grant defendants' motion and dismiss LaBelle from the case.

Owens has filed a motion for defense counsel's recusal from the case because of perceived misconduct in responding to discovery requests and because he would like to add counsel as a defendant in this case for alleged due process violations. Dkt. 46. I will deny this motion. I've already denied a motion to compel discovery by Owens because he did not describe with specificity how defendants failed to follow discovery procedures. *See* Dkt. 39, at 5. Owens's current motion suffers from the same problem. And in any event, a motion for recusal is not the proper way for a party to respond to perceived misconduct in discovery. Owens remains free to file a motion to compel and for discovery sanctions, but he will need to explain each particular discovery request that he is including in the motion, include defendants' response to each of those requests, and explain why the responses are insufficient. I'll deny his request to add counsel as a defendant because those claims do not belong in this lawsuit about the tax on stamps.

Owens has filed a motion for default judgment against defendant Ed Wall. Dkt. 65. But Wall appears to have appropriately answered within his time for doing so: his answer was docketed on December 18, 2019, the deadline for doing so under the Federal Rules of Civil Procedure. Owens said that as of December 21, he had not received the answer, but this is almost certainly the result of a delay in mail reaching Owens. Even if the delay had been Wall's fault, there is no reason to think that Owens was prejudiced by it. So I will deny Owens's motion. *See Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (affirming denial of motion for default judgment when the delay was short and there was no prejudice).

The court previously granted defendants' motion to stay the schedule with the dispositive motions deadline looming. Dkt. 70. The schedule is amended as follows:

- Dispositive motions deadline: September 8, 2020
- Discovery cutoff: December 11, 2020
- Final pretrial submissions and disclosures: December 18, 2020
- Pretrial submission responses: January 8, 2021
- Final pretrial conference: January 28, 2021, at 2:00 p.m.
- Trial: February 8, 2021, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Allen Owens's motion to amend his complaint, Dkt. 44, is GRANTED.

2. Defendants' motion to dismiss defendant LaBelle, Dkt. 45, is GRANTED.

3. Plaintiff is now GRANTED leave to proceed on the following claims:

    - Due process claims against defendants Joy Tassler, Randall Hepp, Chris Krueger, E. Davidson, M. Patten, L. Bartow, Wendy Mofils, C. O'Connell, S. Polk, S. Robson, Ed Wall, Jon Litscher, Mark Clements, W. Rose, M. Greenwood, J. Bovee, Susan Johnson, Steven Fellinger, Linda Ellefson, and Bridgette Smith.

    - A First Amendment retaliation claim against defendant Hepp.

4. The Wisconsin Department of Justice may have until July 29, 2020, to inform the court whether it will accept service on behalf of the new defendants.

5. Plaintiff's motion for defense counsel's recusal and to amend the complaint to include counsel as a defendant, Dkt. 46, is DENIED.

6. Plaintiff's motion for default judgment, Dkt. 65, is DENIED.

7. The schedule is amended as reflected above.

Entered July 10, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge