IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLAN OWENS,

                              Plaintiff,

    v.

JOY TASSLER, RANDALL HEPP, CHRIS KRUEGER,
E. DAVIDSON, M. PATTEN, L. BARTOW,              OPINION and ORDER
WENDY MOFILS, C. O'CONNELL, S. POLK,
S. ROBSON, ED WALL, JON LITSCHER,                 18-cv-772-jdp
MARK CLEMENTS, W. ROSE, M. GREENWOOD,
J. BOVEE, PETER BARCA, SUSAN JOHNSON,
STEVEN FELLINGER, LINDA ELLEFSON,
and BRIDGETTE SMITH,

                              Defendants.

---

Plaintiff Allan Owens, appearing pro se, is an inmate at Fox Lake Correctional Institution. Owens alleges that prison officials wrongly charged him sales tax for postage that was pre-stamped on envelopes he bought, and that the warden retaliated against him for complaining about the tax by deducting higher than permitted amounts from his account to pay off costs assessed against him in a previous case in this court. I granted both sets of defendants' motions for summary judgment and dismissed the case. Dkt. 120. Judgment was entered on December 18, 2020.

Owens has filed a motion for reconsideration of my summary judgment decision. Dkt. 124. Owens filed this motion more than 28 days after the entry of judgment, so I must consider his motion under Federal Rule of Civil Procedure 60. Rule 60(b) provides for relief from "a final judgment, order, or proceeding" on many grounds, including mistake and "any other reason that justifies relief." "[R]elief under Rule 60(b) is proper only under extraordinary circumstances." *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013).

I will deny Owens's motion. Owens continues to argue that defendants violated the law and discriminated against prisoners by charging sales tax for postage that was pre-stamped on envelopes. But he still does not present any evidence that Wisconsin law forbids the Department of Corrections from charging a sales tax on the envelopes, and he does not give a persuasive argument overcoming the doctrine of qualified immunity on his claims for damages. Also, as I previously stated, Owens wasn't granted leave to proceed with equal protection claims about the sales tax, and even if he had, he doesn't present any evidence that similarly situated non-prisoners were treated differently by defendants.

As for his due process claims about prison staff deducting higher than permitted amounts from his account to pay off costs assessed against him in a previous case in this court, Owens says that I incorrectly concluded that defendants' actions were not done pursuant to a DOC policy. But he fails to show why that conclusion was incorrect: 28 U.S.C. § 1915 and the relevant DOC policy show that 20 percent was the proper deduction percentage for taxed costs in a federal case. Defendants' errors in deducting a higher percentage and in failing to fix the problem for about a year were "random and unauthorized" actions that do not establish a DOC policy.

Owens says that I did not rule on his due process claims about defendants involved denying or rejecting his prison grievances about the excessive deductions. But this is incorrect: I specifically stated that "irregularities in the grievance process itself do not support independent due process claims." Dkt. 120, at 13.

Owens asks for a refund for the sales tax he was charged and the excess funds taken from his account to pay taxed court costs, but I cannot grant him this relief because he lost his claims on these issues. As I stated in the summary judgment opinion, he may still have recourse

2

through a certiorari or tort claim in the Wisconsin court system. I also take Owens to be saying that defendants should be taxed Owens's $350 filing fee because some claims were resolved on qualified immunity grounds. But that is not a reason to tax costs against defendants.

ORDER

IT IS ORDERED that plaintiff Allan Owens's motion for relief from judgment, Dkt. 124, is DENIED.

Entered April 9, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge


through a certiorari or tort claim in the Wisconsin court system. I also take Owens to be saying that defendants should be taxed Owens's $350 filing fee because some claims were resolved on qualified immunity grounds. But that is not a reason to tax costs against defendants.

ORDER

IT IS ORDERED that plaintiff Allan Owens's motion for relief from judgment, Dkt. 124, is DENIED.

Entered April 9, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge